IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SAM SMITH                                                                                            PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 3:04CV1003BS

LAWRENCE KELLY, ET AL                                                                      DEFENDANTS
_____

**MEMORANDUM OPINION AND ORDER**

This case was brought by a prisoner challenging the conditions of his confinement, pursuant to 42 U.S.C. § 1983. The parties appeared and participated in an omnibus hearing before retired United States Magistrate Judge Alfred G. Nicols., Jr. on the 23rd day of August, 2005, at the James O. Eastland Federal Courthouse in Jackson, Mississippi, to whom this matter was referred by District Judge William H. Barbour for the entry of judgment. After Judge Nicols's retirement, this matter was re-assigned to the undersigned.

The Plaintiff alleges that he has been denied adequate medical care for his eyes while being incarcerated in the custody of the Mississippi Department of Corrections since 2002. Initially the Plaintiff complained of blurred vision, and was given medical care after three requests for treatment. According to the Plaintiff, he has suffered from stigmatism, glaucoma, cataracts, and retinal detachment in the right eye. He has been treated by four different specialists, Dr. Arden, Dr. Smith, Dr. Aden, and Dr. Bear. The Plaintiff asserts that all of these physicians recommended that his right eye be removed before the left eye can be treated. Although the surgery was scheduled for May, 2005, it had not been performed at the time of the hearing, and Smith believed that MDOC was unwilling to allow the surgery.

1

After the Omnibus Hearing, the court ordered that counsel for MDOC review the circumstances of the Plaintiff's claims that his right eye should be surgically removed and that he was not receiving the treatment recommended by physicians. In so doing, the court noted that, if the report demonstrated that the Plaintiff had been seen by the appropriate specialists and that their recommendations are followed, the case might be dismissed without further notice.

In response to that Order, the Defendants notified the court on November 18, 2005, that the Plaintiff was scheduled for eye surgery. The Plaintiff later requested an update on the status of this case, and, on September 29, 2006, in an effort to determine whether the Plaintiff had received treatment for his eye condition, the court ordered the Defendants to produce his medical records to date. The Defendants promptly complied with the Order, and the court has reviewed those records.

The Plaintiff's medical records show that his right eye was surgically removed in December, 2005, and he has received a prosthesis for that eye. The problems in his left eye have also been treated. The records demonstrate that the Plaintiff was examined on several occasions, the latest being October 11, 2006. For these reasons, the court is of the opinion that the Plaintiff has received adequate medical care for the condition about which he complained, and his case should be dismissed with prejudice. In so doing, however, the court is further of the opinion that, given the serious of the Plaintiff's claims, this case should not be counted as a strike for purposes of 28 U.S.C. § 1915.

IT IS, THEREFORE, ORDERED that the Plaintiff's case be dismissed with prejudice, but that this dismissal not count as a strike for purposes of 28 U.S.C. § 1915. A separate Judgment will be entered in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED, this the 29th day of November, 2006.

S/James C. Sumner<br>UNITED STATES MAGISTRATE JUDGE